UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

   - v. -                         :

                                          **SUPERSEDING INDICTMENT**

BRUNO KRASNIQI,                   :
SAIMIR KRASNIQI,                                S9 10 Cr. 464 (RJH)
    a/k/a "Sammy," and          :
FLORIAN VESHI,

                     :

           Defendants.             :

- - - - - - - - - - - - - - - - x

### RACKETEERING CHARGES

#### COUNT ONE

RACKETEERING VIOLATION

    The Grand Jury charges:

THE ENTERPRISE

    1.   At all times relevant to this Indictment, in the
Southern District of New York and elsewhere, BRUNO KRASNIQI, SAIMIR
KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, and others
known and unknown, were members and associates of an organized
criminal enterprise led by BRUNO KRASNIQI and SAIMIR KRASNIQI (the
"Krasniqi Organization").  The Krasniqi Organization was a criminal
organization whose members and associates have engaged in numerous
crimes, including murder, kidnapping, assault, narcotics
trafficking, robbery, extortion, arson, obstruction of justice, and
the interstate transportation of stolen goods.

2.    The Krasniqi Organization, including its leadership, its membership, and its associates, constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity, which was engaged in, and the activities of which affected, interstate and foreign commerce.  The Krasniqi Organization was an organized criminal group, which operated in the Southern and Eastern Districts of New York, the Eastern District of Michigan, the District of Connecticut, and elsewhere.  The Krasniqi Organization constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

<u>THE DEFENDANTS</u>

3.    At all times relevant to this Indictment, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, were members and associates of the enterprise, the Krasniqi Organization, and participated in the operation and management of the enterprise.  Under the direction of the leaders of the enterprise, the defendants participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs, including, among other things, murder, kidnapping, assault, narcotics trafficking, robbery, extortion,

arson, obstruction of justice, and the interstate transportation of stolen goods.

      4.   At various times relevant to this Indictment, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, were the primary leaders of the Krasniqi Organization.  As the leaders of the Krasniqi Organization, BRUNO KRASNIQI and SAIMIR KRASNIQI were responsible for, among other things, supervising the criminal activities of the members and associates of the Krasniqi Organization, providing the members and associates of the Krasniqi Organization with support and protection, and resolving disputes with other organized criminal groups in the New York City area.  In addition to supervising and directing the criminal activities of the members and associates of the Krasniqi Organization, BRUNO KRASNIQI and SAIMIR KRASNIQI also participated directly in the criminal activities of the Krasniqi Organization.

      5.   At various times relevant to this Indictment, FLORIAN VESHI, the defendant, was a member and associate of the enterprise, the Krasniqi Organization, and participated in the operation of the enterprise.  Under the direction of the leaders of the enterprise, the defendant participated in unlawful and other activities in furtherance of the conduct of the enterprise's affairs, including, among other things, narcotics

trafficking, kidnapping, arson, obstruction of justice, and acts of violence to promote the purposes of the Krasniqi Organization.

## PURPOSES OF THE ENTERPRISE

6.   The purposes of the Krasniqi Organization included the following:

a.   Enriching the leaders, members, and associates of the Krasniqi Organization through criminal activities;

b.   Preserving, protecting, and augmenting the power, territory, and financial profits of the Krasniqi Organization, its leaders, members, and associates, through the use of intimidation, violence, and threats of physical and economic harm; and

c.   Keeping victims and citizens in fear of the Krasniqi Organization, its leaders, members, and associates by committing and threatening to commit physical violence and by causing and threatening to cause economic harm.

## MEANS AND METHODS OF THE ENTERPRISE

7.   Among the means and methods by which the defendants and other enterprise members and associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.   To protect and expand the enterprise's business and criminal operations, members and associates of the

4

enterprise threatened to murder and assault, and did murder and assault, persons who engaged in activity that jeopardized (i) the power and criminal activities of the enterprise, (ii) the power of leaders of the enterprise, and (iii) the flow of criminal proceeds to the leaders of the enterprise.

        b.    Members and associates of the enterprise promoted a climate of fear in the community through threats of economic harm and violence.

        c.    Members and associates of the enterprise generated income for the enterprise through, among other things, narcotics trafficking, extortions, the interstate transportation of stolen property, robberies, and crimes of violence, including murder, kidnapping, and assault.

        d.    Members and associates of the enterprise at times engaged in criminal conduct or coordinated their criminal activities with leaders, members, and associates of other criminal organizations.

        e.    The leaders, members, and associates of the Krasniqi Organization used and obtained firearms to carry out and further the Organization's illegal activities.

<u>THE RACKETEERING VIOLATION</u>

        8.    From in or about 2002, up to and including in or about 2010, in the Southern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN

5

VESHI, the defendants, and others known and unknown, being persons employed by and associated with the racketeering enterprise described in paragraphs 1 through 7 above, namely, the Krasniqi Organization, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, willfully and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), that is, through the commission of the following acts of racketeering:

<u>THE PATTERN OF RACKETEERING ACTIVITY</u>

9.    The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

<u>Racketeering Act One: Narcotics Conspiracy</u>

10.    From in or about 2003, up to and including in or about 2010, in the Southern District of New York and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to distribute and possess with intent to distribute 100 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in

violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(B), and Section 846.

Racketeering Act Two:
Interstate Transportation Of Stolen Property

11.   The defendants named below committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Two:

a.   In or about 2004, in the Southern District of New York and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, willfully and knowingly transported, transmitted, and transferred in interstate and foreign commerce, goods, wares, merchandise, securities and money, of the value of $5,000 and more, to wit, a multi-kilogram load of marijuana, knowing the same to have been stolen, converted, and taken by fraud, in violation of Title 18, United States Code, Sections 2314 and 2.

b.   In or about 2004, in the Southern District of New York and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, willfully and knowingly received, possessed, concealed, stored, bartered, sold, and disposed of goods, wares, merchandise, securities and money, of the value of $5,000 and more, to wit, a multi-kilogram load of marijuana, which had crossed a State or United States boundary after being stolen, unlawfully converted, and taken, and knowing the same to

have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Sections 2315 and 2.

<u>Racketeering Act Three: Robbery of Victim-1</u>

12.   The defendants named below committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Three:

a.   In or about June 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, and others known and unknown, willfully and knowingly conspired to commit robbery by using and threatening to use physical force against a supplier of marijuana ("Victim-1") during the course of the commission of a larceny, in violation of New York Penal Law, Sections 160.00, 160.10, 160.15, and 105.10.

b.   In or about June 2005, in the Eastern District of New York and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, and FLORIAN VESHI, the defendants, and others known and unknown, intentionally and knowingly robbed, and aided and abetted the robbery of, Victim-1 by using and threatening to use physical force against Victim-1 during the course of the commission of a larceny, in violation of New York Penal Law, Sections 160.10, 160.15, and 20.00.

Racketeering Act Four: Conspiracy to Murder Victim-1

13.  In or about June 2005, up to and including in or about July 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, and others known and unknown, willfully and knowingly conspired to murder Victim-1, in violation of New York Penal Law, Sections 125.25 and 105.15.

Racketeering Act Five: Kidnapping of Victim-2

14.  The defendants named below committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Four:

a.  In or about June 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, and others known and unknown, willfully and knowingly conspired to kidnap a rival drug dealer ("Victim-2"), in violation of New York Penal Law, Sections 135.20 and 105.15.

b.  In or about June 2005, in the Eastern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, and FLORIAN VESHI, the defendants, and others known and unknown, intentionally and knowingly kidnapped, and aided and

abetted the kidnapping of, Victim-2, in violation of New York Penal Law, Sections 135.20 and 20.00.

### Racketeering Act Six: Murder of Erion Shehu

15. The defendants named below committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Six:

a. In or about July 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, willfully and knowingly conspired to murder Erion Shehu, a/k/a "Lonka," in violation of New York Penal Law, Sections 125.25 and 105.15.

b. On or about July 17, 2005, in the Eastern District of New York, and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, intentionally and knowingly did commit an act involving murder, and aided and abetted murder, to wit, with intent to cause the death of another person, the defendants did cause Shehu's death, in violation of New York Penal Law, Sections 125.25 and 20.00.

### Racketeering Act Seven: Murder of Erenick Grezda

16. The defendants named below committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Seven:

10

a.    In or about January 2006, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, willfully and knowingly conspired to murder Erenick Grezda, a/k/a "Eri," in violation of New York Penal Law, Sections 125.25 and 105.15.

b.    On or about January 13, 2006, in the Eastern District of New York, and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, intentionally and knowingly did commit an act involving murder, and aided and abetted murder, to wit, with intent to cause the death of another person, the defendants did cause Grezda's death, in violation of New York Penal Law, Sections 125.25 and 20.00.

Racketeering Act Eight: Obstruction of Justice and Arson

17.   The defendants named below committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Eight:

a.    On or about January 14, 2006, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, and others known and unknown, willfully and knowingly conspired to corruptly alter, destroy, mutilate, and conceal an object, to wit, a motor vehicle, with

11

the intent to impair the object's integrity and availability for use in an official proceeding, to wit, the defendants conspired to destroy by arson the motor vehicle in which Erenick Grezda, a/k/a "Eri," was murdered in an effort to prevent the vehicle's use as evidence in an official proceeding involving Grezda's murder, in violation of Title 18, United States Code, Section 1512(k).

b.    On or about January 14, 2006, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, and FLORIAN VESHI, the defendants, and others known and unknown, willfully and knowingly corruptly altered, destroyed, mutilated, and concealed an object, with the intent to impair the object's integrity and availability for use in an official proceeding, to wit, the defendants destroyed, and aided and abetted the destruction by arson of the motor vehicle in which Grezda was murdered, in an effort to prevent the vehicle's use as evidence in an official proceeding involving Grezda's murder, in violation of Title 18, United States Code, Sections 1512(c) and 2.

c.    On or about January 14, 2006, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, and FLORIAN VESHI, the defendants, and others known and unknown, willfully and knowingly conspired to commit arson, in violation of New York

Penal Law, Sections 150.10 and 105.10, and in violation of New Jersey Statutes, Sections 2C:17-1(a) through -1(d), and 2C:5-2;

       d.   On or about January 14, 2006, in the District of New Jersey and elsewhere, FLORIAN VESHI, the defendants, and others known and unknown, willfully and knowingly did commit arson, in violation of New Jersey Statutes, Sections 2C:17-1(a) through -1(d).

<u>Racketeering Act Nine: Kidnapping of Victim-3</u>

      18.   The defendants named below committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Nine:

       a.   In or about 2003, in the Eastern District of Michigan and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, willfully and knowingly conspired to kidnap an individual ("Victim-3") who had disrespected a member of the Krasniqi Organization, in violation of Michigan Compiled Laws, Sections 750.349b and 750.157a.

       b.   In or about 2003, in the Eastern District of Michigan and elsewhere, BRUNO KRASNIQI, and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, intentionally and knowingly kidnapped, and aided and abetted the kidnapping of, Victim-3, in violation of Michigan Compiled Laws, Sections 750.349b and 767.39.

13

## Racketeering Act Ten: Kidnapping of Victim-4

19.   The defendants named below committed the following acts of racketeering, any one of which alone constitutes the commission of Racketeering Act Ten:

a.   In or about July 2005, in the Eastern District of New York and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, willfully and knowingly conspired to kidnap an individual ("Victim-4") who had been involved in a physical altercation with members of the Krasniqi Organization, in violation of New York Penal Law, Sections 135.20 and 105.15.

b.   In or about July 2005, in the Eastern District of New York and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, intentionally and knowingly kidnapped, and aided and abetted the kidnapping of, Victim-4, in violation of New York Penal Law, Sections 135.20 and 20.00.

## Racketeering Act Eleven:  Extortion Conspiracy

20.   From in or about 2003, up to and including in or about 2010, in the Southern District of New York, the Eastern District of New York, the Eastern District of Michigan, and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with

each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of other persons, to wit, the owners and employees of various small businesses located in Michigan and New York City, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Section 1951.

(Title 18, United States Code, Section 1962(c)).

## COUNT TWO

### RACKETEERING CONSPIRACY

The Grand Jury further charges:

21. Paragraphs 1 through 20 of this Indictment are repeated, realleged, and incorporated by reference as though fully set forth herein.

22. From in or about 2002, up to and including in or about 2010, in the Southern District of New York, the Eastern District of New York, the Eastern District of Michigan, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, and others known and unknown, being persons employed by and associated with the racketeering

16

enterprise described in Paragraphs 1 through 7 of this Indictment, namely, the Krasniqi Organization, which enterprise was engaged in and the activities of which affected interstate and foreign commerce, willfully and knowingly combined, conspired, confederated and agreed together and with each other to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), which pattern is set forth more fully in paragraphs 8 through 20, above, as Racketeering Acts One through Eleven.  Each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT THREE

### NARCOTICS CONSPIRACY

The Grand Jury further charges:

23.  From at least in or about 2003, up to and including in or about 2010, in the Southern District of New York and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

17

24.  It was a part and an object of the conspiracy that BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a).

25.  The controlled substance involved in the offense was 100 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

## COUNT FOUR

### ROBBERY CONSPIRACY OF VICTIM-1

The Grand Jury further charges:

26.  In or about June 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, the defendants

18

conspired to rob marijuana and the proceeds of marijuana distribution from Victim-1, a marijuana supplier.

(Title 18, United States Code, Section 1951.)

### COUNT FIVE

### USE AND CARRYING OF A FIREARM

The Grand Jury further charges:

27.   From at least in or about 2003, up to and including in or about 2010, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, willfully, and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics offense charged in Count Three of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, including a firearm that was equipped with a silencer, which firearms were brandished, and did aid and abet the use, carrying, possession, and brandishing of such firearms, to wit, the defendants possessed and brandished firearms, including a firearm equipped with a silencer, during the course of and in furtherance of the marijuana trafficking charged in Count Three of this Indictment.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii),
924(c)(1)(B)(ii), and 2.)

**COUNT SIX**

KIDNAPPING OF VICTIM-2 IN AID OF RACKETEERING

The Grand Jury further charges:

28.  At all times relevant to this Indictment, the Krasniqi Organization, as more fully described in Paragraphs 1 through 7 of this Indictment, which are repeated, realleged, and incorporated by reference as though set forth fully herein, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity, which was engaged in, and the activities of which affected, interstate and foreign commerce.

29.  In or about June 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the Krasniqi Organization, an enterprise engaged in racketeering activity, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, willfully and knowingly kidnapped, and aided and abetted the kidnapping of, Victim-2, a rival drug dealer, in violation of New York Penal Law, Sections 135.20 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

20

## COUNT SEVEN

### USE AND CARRYING OF A FIREARM

The Grand Jury further charges:

30.   In or about June 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, willfully and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the offense charged in Count Seven of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, which were brandished, and did aid and abet the use, carrying, possession, and brandishing of such firearms, to wit, the defendants possessed and brandished multiple handguns during the course and in furtherance of the kidnapping of Victim-2, charged in Count Six of this Indictment.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii) and 2.)

## COUNT EIGHT

### MURDER OF ERION SHEHU IN AID OF RACKETEERING

The Grand Jury further charges:

31.   At all times relevant to this Indictment, the Krasniqi Organization, as more fully described in Paragraphs 1 through 7 of this Indictment, which are repeated, realleged, and incorporated by reference as though set forth fully herein, constituted an enterprise, as that term is defined in Title 18,

United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity, which was engaged in, and the activities of which affected, interstate and foreign commerce.

32.   On or about July 17, 2005, in the Southern District of New York, the Eastern District of New York, and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the Krasniqi Organization, an enterprise engaged in racketeering activity, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, willfully and knowingly murdered, and aided and abetted the murder of, Erion Shehu, a/k/a "Lonka," in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT NINE

### MURDER OF ERENICK GREZDA IN AID OF RACKETEERING

The Grand Jury further charges:

33.   At all times relevant to this Indictment, the Krasniqi Organization, as more fully described in Paragraphs 1 through 7 of this Indictment, which are repeated, realleged, and incorporated by reference as though set forth fully herein, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact, although not a legal entity,

which was engaged in, and the activities of which affected, interstate and foreign commerce.

34.   On or about January 13, 2006, in the Southern District of New York, the Eastern District of New York, and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the Krasniqi Organization, an enterprise engaged in racketeering activity, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, and others known and unknown, willfully and knowingly murdered, and aided and abetted the murder of, Erenick Grezda, a/k/a "Eri," in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT TEN

### CONSPIRACY TO OBSTRUCT JUSTICE

The Grand Jury further charges:

35.   On or about January 14, 2006, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, and others known and unknown, willfully and knowingly conspired to corruptly alter, destroy, mutilate, and conceal an object, with the intent to impair that object's integrity and availability for use in an official proceeding, to wit, the defendants conspired to destroy by arson the motor vehicle in which Erenick Grezda, a/k/a "Eri," was

23

murdered in an effort to prevent the vehicle's use as evidence in an official proceeding.

(Title 18, United States Code, Section 1512(k).)

### COUNT ELEVEN

### OBSTRUCTION OF JUSTICE

The Grand Jury further charges:

36.   On or about January 14, 2006, in the Southern District of New York, the Eastern District of New York, and elsewhere, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, willfully and knowingly corruptly altered, destroyed, mutilated, and concealed an object, with the intent to impair that object's integrity and availability for use in an official proceeding, to wit, the defendants destroyed and aided and abetted the destruction by arson of the motor vehicle in which Erenick Grezda, a/k/a "Eri," was murdered in an effort to prevent the vehicle's use as evidence in an official proceeding.

(Title 18, United States Code, Sections 1512(c) and 2.)

### FIRST FORFEITURE ALLEGATION

37.   As a result of committing the controlled substance offense alleged in Count Three of this Indictment, BRUNO KRASNIQI, SAIMIR KRASNIQI, a/k/a "Sammy," and FLORIAN VESHI, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants

24

obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Three of this Indictment, including but not limited to at least $3 million in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense, for which the defendants are jointly and severally liable.

<u>Substitute Assets Provision</u>

38.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

        a.   cannot be located upon the exercise of due diligence;

        b.   has been transferred or sold to, or deposited with, a third person;

        c.   has been placed beyond the jurisdiction of the Court;

        d.   has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

25

other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846, and 853.)

<u>SECOND FORFEITURE ALLEGATION</u>

39.   As a result of committing the robbery offense alleged in Count Four of this Indictment, BRUNO KRASNIQI and SAIMIR KRASNIQI, a/k/a "Sammy," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including a sum of money equal to approximately $45,000 in United States currency for which the defendants are jointly and severally liable.

<u>Substitute Assets Provision</u>

40.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

26

        d.   has been substantially diminished in value;
or

        e.   has been commingled with other property which
cannot be divided without difficulty,

it is the intention of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any
other property of the defendants up to the value of the
forfeitable property.

        (Title 18, United States Code, Section 981(a)(1)(C),
         and Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

27

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

## UNITED STATES OF AMERICA

- v. -

**BRUNO KRASNIQI,**
**SAIMIR KRASNIQI,**
**FLORIAN VESHI,**

Defendants.

## S9 INDICTMENT

(Title 18, United States Code, Sections
1959(a)(1), 1962, 924(c), 1512, 1951, and
2; Title 21, United States Code, Section
846).

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

9/22/11   Filed Indictment

Maas
U.S.M.J